IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



PANAGOITIS SKORDALOS       *

       Petitioner       *

    v.            *      CIVIL NO. RDB-08-T049
                      (Criminal No. RDB-06-0107)

UNITED STATES OF AMERICA     *

       Respondent     *

* * * * * *

## MEMORANDUM OPINION

On April 25, 2008, Panagoitis Skordalos, a federal prison inmate, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Skordalos challenges his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §922 (g)(1) and the subsequent sentence he received on October 6, 2006. His challenge is based upon the claim that he received ineffective assistance of counsel. No hearing is necessary to decide this matter. *See* Local Rule 105.6. For the reasons set forth below, the Court will, by separate order, deny Petitioner's Motion.

## BACKGROUND

The facts of the underlying criminal case, as stipulated and agreed to in the plea agreement, are not in dispute. On October 14, 2005, Baltimore police officers pulled over a vehicle driven by Skordalos after he failed to stop at a stop sign. When the officers approached the vehicle, Skordalos sped off. During the ensuing chase, the officers observed Skordalos throw a shiny object out of the car window, which was later identified as a loaded Bernadelli .25 caliber

1

pistol. The vehicle was ultimately stopped after it struck a police car and a parked car. Skordalos ran from the vehicle, but was caught by pursuing officers. It was later determined that prior to the date of his arrest on October 14, 2005, Skordalos had received a felony conviction in Maryland for a crime punishable by imprisonment for a term exceeding one year. In addition, police determined that the recovered firearm had previously traveled in interstate commerce.

In March of 2006, Skordalos was charged in a two-count indictment under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm (Count One) and a felon in possession of ammunition (Count Two). On July 17, 2006 Skordalos pled guilty to Count One and Count Two was dismissed on motion by the government. In the plea agreement, the government stipulated that Skordalos's two prior convictions for possession with intent to distribute cocaine and his conviction for accessory after the fact to murder made him eligible for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On October 6, 2006, this Court determined that Skordalos qualified as an armed career criminal based upon his prior convictions for resisting arrest and accessory after the fact to murder and sentenced him to 180 months of imprisonment and three years of supervised release.

In the present motion, Skordalos bases his claim of ineffective assistance of counsel on two grounds. First, Skordalos contends that he was prejudiced by his counsel's failure to object to the use of prior convictions of resisting arrest and accessory after the fact to murder as predicates for a sentencing enhancement under the ACCA. Second, Skordalos claims that he would not have entered a guilty plea if his attorney had properly advised him about the gravity of the sentencing enhancement under 18 U.S.C. § 924(e). He claims his attorney instead only advised him that he was facing a maximum sentence of thirteen years.

2

## ANALYSIS

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first step, the petitioner must establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* When evaluating attorney conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Under the second step, the petitioner must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner must demonstrate not only that counsel's deficient conduct had a reasonable probability of affecting the outcome of the proceeding, but also that, because of it, the "result of the proceeding was fundamentally unfair or unreliable . . . ." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Thus, as noted by the Fourth Circuit, the mere possibility that a result may have been different is not sufficient. *Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986).

Skordalos' claims of ineffective assistance of counsel both fail to satisfy part one of *Strickland*'s two part test. Skordalos' first claim—that his attorney failed to object to the use of the prior convictions of resisting arrest and accessory after the fact to murder under the ACCA—is contradicted by the facts. Indeed, the record demonstrates that Skordalos' counsel aggressively argued against the application of armed career criminal status. Specifically, during the preparation of the presentence report, defense counsel argued in two separate letters that Skordalos was not actually convicted of resisting arrest and that the conviction for being

3

an accessory after the fact did not qualify as a predicate offense under 18 U.S.C. § 924(e). These arguments were raised and argued again during the sentencing proceedings. While this Court ultimately rejected these objections, the record is clear that the defense counsel aggressively asserted Skordalos' position.

Skordalos' second claim—that his attorney failed to advise him about the gravity of the ACCA enhancement and mislead him to believe that he was only facing a maximum of thirteen years incarceration—is also unsupported by the record. Both the plea agreement and the re-arraignment and sentencing hearing transcripts indicate that Skordalos was aware that he was facing a mandatory minimum sentence of 180 months or fifteen years if he was found to have three qualifying convictions. Paragraph 3 of the plea agreement clearly states that if petitioner was subject to sentencing as an armed career criminal, he would receive a sentence of no less than fifteen years. Paragraph 6.b of the agreement contains the government's position that Skordalos was in fact subject to the fifteen year mandatory minimum penalty. By signing the plea agreement, Skordalos certified that he read and reviewed every part of the agreement with his attorney, understood the agreement, and voluntarily agreed to it. Furthermore, Skordalos' signature also certified that he was completely satisfied with the representation of is attorney.

Finally, both the re-arraignment and sentencing hearing transcripts indicate that Skordalos was aware that it was not only possible, but likely, that he could receive a sentence of fifteen years. In the re-arraignment hearing, Skordalos stated that he had fully discussed his situation with his attorney and that he was satisfied with his counsel's representation and advice because his attorney was "a good lawyer." Thus, the record strongly contradicts Skordalos' claim that his attorney's performance was deficient. Accordingly, Skordalos' second claim also

fails to satisfy part one of the *Strickland* test.

## CONCLUSION

Skordalos' claims of ineffective assistance of counsel are without merit and his Motion to Vacate, Set Aside, or Correct Sentence is DENIED.   A separate Order follows.

January 14, 2009

_RHD. Bentt_
Richard D. Bennett
United States District Judge